OPINION
{¶ 1} Appellant Eric Pridgen appeals his conviction, in the Stark County Court of Common Pleas, for one count of having weapons while under disability, one count of receiving stolen property, and one count of possession of cocaine. The following facts give rise to this appeal.
 {¶ 2} In March 2004, police received several citizen complaints about drug activity at a home located at 1011 Fifth Street, S.W., Canton. The vice unit of the Canton Police Department began an investigation into the residence. The investigation included background information from confidential informants, surveillance and controlled buys with the confidential informants.
 {¶ 3} During their surveillance, the officers noted vehicular and foot traffic, to and from the residence, that was consistent with drug trafficking activity. The vice unit also conducted three controlled buys, whereby the officers sent in a confidential informant who was wired, provided with marked buy money, and instructed to buy crack cocaine from the residence. Each time, the informants purchased crack cocaine from Timothy Pridgen. On the last buy, the confidential informant observed appellant inside the residence. The confidential informants also told officers that Timothy and appellant owned the residence and that each brother had his own bedroom.
 {¶ 4} Based upon the buys, surveillance, and information from the confidential informants, the officers obtained a search warrant for the residence. The vice unit executed the search on April 30, 2004. Upon entering the residence, the officers found Timothy Pridgen in his bedroom. The officers found William Pridgen, appellant's father, on the couch in the living room. Appellant was not at home.
 {¶ 5} After securing the residence, the officers began their search of the home. In Timothy Pridgen's bedroom, the officers discovered an SKS assault rifle, under his bed; cash; crack cocaine; and an ID card with Timothy Pridgen's photograph on it. The police also found a safe, in Timothy Pridgen's bedroom, which contained rental documents and an empty pistol holder. Further, the police discovered two plastic bags of crack cocaine that weighed a total of 34.7 grams.
 {¶ 6} After searching Timothy Pridgen's bedroom, the officers took Timothy to the second bedroom. Timothy Pridgen informed the officers that the second bedroom belonged to "E." Detective Ryan Davis asked Timothy Pridgen if "E" meant his brother Eric, to which Timothy responded affirmatively. Inside the second bedroom, officers discovered a Jennings .9 millimeter semi-automatic handgun, loaded with twelve rounds; a notebook with the name "E-Glock" on it; .9 millimeter ammunition; $162.00 in cash, with traces of crack cocaine on it; and a plate with eleven rocks of crack cocaine on it and a razor blade.
 {¶ 7} During the execution of the search warrant, Detective Davis took special note of the clothes located in each bedroom. In the north bedroom, the clothes in the closet were consistent with appellant's size. The clothes found in the south bedroom were consistent with Timothy Pridgen's size. As a result of the search warrant, on June 17, 2004, the Stark County Grand Jury indicted appellant on having weapons while under disability, receiving stolen property, and possession of cocaine.
 {¶ 8} This matter proceeded to a jury trial on August 13, 2004. Following deliberations, the jury found appellant guilty as charged in the indictment. On August 16, 2004, the trial court sentenced appellant to an aggregate term of seventy-eight month imprisonment. Appellant filed a notice of delayed appeal on October 7, 2004. We granted appellant's request on November 5, 2004. Appellant sets forth the following assignment of error for our consideration:
 {¶ 9} "The appellant was denied his right to effective assistance of counsel."
 I {¶ 10} In his sole assignment of error, appellant maintains he was denied effective assistance of counsel because defense counsel agreed to the admission of certain hearsay evidence at trial. We disagree.
 {¶ 11} A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 12} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any give case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 13} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhartv. Fretwell (1993), 506 U.S. 364, 370.
 {¶ 14} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 15} Appellant sets forth two arguments in support of his assignment of error. First, appellant maintains defense counsel was ineffective when he agreed to stipulate to Pridgen's street name. The record indicates that in response to the state's request that appellant be made to show the tattoo, on his arm, to the jury, which shows the name "E-Glock," defense counsel offered to stipulate to appellant's street name. Tr. at 9-10. The prosecutor sought to show appellant's tattoo in order to connect him to the notebook found in the closet of the north bedroom. The notebook had the name "E-Glock" on it. Defense counsel also stipulated that the notebook belonged to appellant. Id.
 {¶ 16} Second, appellant challenges the introduction of hearsay evidence regarding the ownership of the north bedroom. Defense counsel sought to introduce testimony, from two of the confidential informants, that they only purchased drugs from Timothy Pridgen and not appellant. However, the prosecutor reminded defense counsel that if this hearsay evidence was introduced, the state could also introduce evidence regarding what one of the confidential informants told officers about who resided in the north bedroom and that appellant was present for one of the drug buys. Defense counsel agreed to the admission of this hearsay evidence because he believed he could explain it. Tr. at 135-137.
 {¶ 17} Appellant argues that based upon defense counsel's stipulation of the admission of the above evidence, he received ineffective assistance of counsel. In support of this argument, appellant cites this court's decision in State v. Howard, Stark App. No. 2002CA00333, 2003-Ohio-2804. In Howard, we found defense counsel ineffective due to counsel's failure to object to a letter that was not written contemporaneously with the event it concerned. Id. at ¶ 33. The Howard
case is distinguishable because in the case sub judice, defense counsel made strategic decisions to allow the admission of the evidence appellant now challenges on appeal. In Howard, defense counsel failed to object and there is no evidence, on the record, that defense counsel made a conscious decision to allow the admission of the letter at issue.
 {¶ 18} "Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. State v.Phillips, 74 Ohio St.3d 72, 85, 1995-Ohio-171, reversed on other grounds. Even if the wisdom of an approach is debatable, `debatable trial tactics' do not constitute ineffective assistance of counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 48-49. Finally, a reviewing court must not use hindsight to second-guess trial strategy, and must keep in mind that different trial counsel will often defend the same case in different manners. Strickland at 689; State v. Keenan, 81 Ohio St.3d 133, 152,1998-Ohio-459." State v. McDermott, Lucas App. No. L-03-1110, 2005-Ohio-2095, at ¶ 47.
 {¶ 19} The record supports the conclusion that defense counsel made strategic decisions, in this case, when he agreed to the admission of certain evidence. Defense counsel did not want the jury to see appellant's tattoo. Therefore, he stipulated to the fact that "E-Glock" was tattooed on appellant's arm. Further, defense counsel wanted the jury to know that the confidential informants purchased the drugs from Timothy Pridgen, that they did not purchase the drugs from appellant, and that appellant was only present at one of the controlled buys.
 {¶ 20} However, by seeking to introduce this information into evidence, which is clearly beneficial to appellant, defense counsel also opened the door to permit the introduction, of evidence that the informants told the officers that one of the bedrooms belonged to appellant. Thus, defense counsel was required to weigh the value of the evidence that was beneficial to his client. If this evidence had not been admitted, the jury would have only heard that the officers made three controlled buys from the residence, leaving the jury to infer that one or more of the controlled buys involved appellant.
 {¶ 21} We would also note that on cross-examination, Officer Davis admitted that drug dealers often store their drugs throughout their residence and keep weapons in rooms throughout the house. Tr. at 200, 201. Thus, the drugs and weapons found in various rooms do not necessarily belong to the people who may occupy those rooms. This testimony supported defense counsel's argument that just because appellant had items, in the north bedroom, did not mean he was in any way involved in the sale of drugs from the residence.
 {¶ 22} Accordingly, we conclude appellant has not established he was prejudiced by defense counsel's performance. Defense counsel made strategic decisions concerning the admission of certain evidence that he thought would benefit appellant. As such, he cannot state a claim for ineffective assistance of counsel.
 {¶ 23} Appellant's sole assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.