OPINION
{¶ 1} On February 25, 2005, the Licking County Grand Jury indicted appellant, Robert Trent, on one count of rape in violation of R.C. 2907.02, ten counts of sexual battery in violation of R.C. 2907.03 and four counts of corrupting another with drugs in violation of R.C. 2925.02. Said charges arose from incidents involving appellant's daughter, Ericka Trent.
 {¶ 2} On September 7, 2005, appellant filed a motion to introduce certain evidence pertaining to the victim's prior sexual activity with others. A hearing was held on September 8, 2005 prior to the start of the trial. The trial court ruled the evidence was inadmissible. The jury found appellant guilty as charged. By judgment entry filed September 30, 2005, the trial court sentenced appellant to thirty-four years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN EXCLUDING CERTAIN, EXCULPATORY EVIDENCE FROM THE PRESENTATION OF THE DEFENSE CASE THUS DENYING THE DEFENDANT HIS CONSTITUTIONALLY GUARANTEED RIGHTS TO DUE PROCESS, TO PRESENT A DEFENSE AND CHALLENGE HIS ACCUSERS."
 I {¶ 5} Appellant claims the trial court erred in barring his cross-examination of the victim on her prior sexual activity. We disagree.
 {¶ 6} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173; State v. Williams (1986), 21 Ohio St.3d 33. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 7} Specifically, appellant argues the provisions of Ohio's Rape Shield Law, R.C. 2907.02(D), do not apply sub judice because the victim had been diagnosed as being "sexually abused" which fits the definition of a "disease" as contained in the statute:
 {¶ 8} "Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."
 {¶ 9} Appellant preserved his cross-examination questions in a proffer filed September 9, 2005:
 {¶ 10} "It is the defendant's proffer that, during cross-examination of the alleged victim in the case at bar, counsel would have asked her if she had engaged in sexual activity with any individuals during the same period of time she alleges that the accused sexually abused her. More to the point, questions regarding the act of sexual intercourse with Justin Phelps and Zachariah Rine would have been asked. It is unclear whether the alleged victim would have answered the questions in the affirmative. However, it is further proffered by the accused that he would have asked Kelly Justus, the nurse practitioner who conducted a medical exam of the alleged victim, whether the victim had disclosed sex with partners other than the accused. As Ms. Justus' written report indicated that the alleged victim had made such a disclosure, it is anticipated that Ms. Justus would have responded to such an inquiry in the affirmative."
 {¶ 11} It is appellant's position that the testimony of Kelly Justus, the nurse who conducted the physical examination of the victim, opened the door to the proffered inquiry.
 {¶ 12} Ms. Justus testified "sexual abuse" is an accepted medical diagnosis. T. at 307. During the medical history part of the examination, the victim told Ms. Justus of sexual contact with appellant including vaginal intercourse, digital penetration, oral sex and dildo use. T. at 318-319. In her medical findings of the victim, Ms. Justus documented a hymen with irregular borders. T. at 319. Ms. Justus's diagnosis of abuse was based solely on the medical history provided by the victim and was made separate and apart from the medical findings. T. at 320-321, 323. She specifically stated sexual abuse was not a disease "medically." T. at 323-324. Ms. Justus testified it was highly likely that the victim had engaged in sexual activity based upon the irregular shape of the hymen. T. at 330.
 {¶ 13} We conclude the trial court was correct in barring the prior sexual history questions because given the testimony, "sexual abuse" is not a disease. An individual can have an injury such as a broken finger which can be diagnosed, but it is not a disease. So too, a victim can have a condition such as an irregular hymen and not have a disease. The diagnosis in this case was based upon the subjective reporting of the victim and not on the physical findings of the irregular hymen.
 {¶ 14} The purpose of the ability to cross-examine a victim on the "origin of semen, pregnancy, or disease" is based on an issue of fact. The purpose set forth in the proffer was to impeach the victim's credibility which is prohibited. See,Williams, supra; State v. Ferguson (1983), 5 Ohio St.3d 160. The contested evidence is not an issue. The issue sub judice is whether appellant had sexual contact with the victim, not whether the victim had sex with others. The purpose of the proffered evidence was not to negate an element of the crimes charged. See,Williams at 36.
 {¶ 15} Upon review, we find the trial court did not err in barring the proffered questions.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.