OPINION
{¶ 1} Appellant Charles A. Goggans, Jr. appeals his felony sentence in the Delaware County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the January 13, 2006 the Grand Jury for Delaware County, Ohio indicted appellant on one court of domestic violence in violation of Ohio Revised Code § 2919.25(A), a felony of the fourth degree. Appellant entered a guilty plea to the sole count of the indictment on the May 2, 2006. The trial court deferred sentencing and ordered that a pre-sentence investigation be prepared.
 {¶ 3} On the June 26, 2006 the trial court conducted a sentencing hearing. The trial court found on the record that ". . . you [appellant] caused physical harm to your wife. You have previously served a prison term. You attempted to cause or made an actual threat of physical harm and you have a prior conviction of causing physical harm." (T., June 26, 2006 at 8).The trial court further found that:
 {¶ 4} "[I]n `96 [you were] placed on three years probation for domestic violence; you did not complete a court on domestic violence; you were successfully terminated from supervision. You were also placed on one-year supervision in `97 for assault. You *Page 3 
were on probation for conviction of domestic violence in Morrow County December `01 and you were unsuccessfully terminated because you failed to pay court costs.
 {¶ 5} "You failed to respond favorably in the past to sanctions imposed, demonstrating a pattern of alcohol related to the offense and the court would find that you show no remorse for the offense".(Id. at 9).
 {¶ 6} The trial court continued: "[I] don't find anything indicating recidivism is unlikely. On serious factors, I guess it is arguable that Tracy suffers serious psychological harm as a result of the offense. There is evidence to support a continued amount of abuse, although we don't have any report of psychological assessment, so as far as whether it's serious or not, I'm not sure the court can make that finding. The relationship with your wife, of course, facilitated the offense." (Id.).
 {¶ 7} Finally, the trial court stated: "I think, Mr. Goggans, the time has come and I would be — first of all, I find you're not amenable to, second of all, I find that a prison term is consistent with the principles and purposes of sentencing. It's time to pay the piper." (Id. at 10).
 {¶ 8} The trial court sentenced appellant to eighteen (18) months in prison, the maximum period of incarceration for the charge.
 {¶ 9} Appellant filed a timely notice of appeal raising three assignments of error:
 {¶ 10} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM SENTENCE IN THIS CASE, BECAUSE SENTENCE WAS IMPOSED BASED UPON FACTUAL FINDINGS NEITHER ADMITTED BY THE DEFENDANT NOR FOUND BY A JURY IN VIOLATION OF BLAKELY V. WASHINGTON (2004), 542 U.S. 296. *Page 4 
 {¶ 11} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM SENTENCE, BECAUSE THE TRIAL COURT USED THE ELEMENTS OF THE OFFENSE TO ENHANCE THE PENALTY.
 {¶ 12} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM SENTENCE, BECAUSE THE TRIAL COURT VIOLATED THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING."
 I II. {¶ 13} In his first and second assignments of error, appellant argues, in essence, that the trial court's imposition of the maximum sentence is unconstitutional pursuant to United States v. Booker
(2005),543 U.S. 220, 125 S.Ct. 738, Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531 and State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856,845 N.E.2d 470.
 {¶ 14} We will address these assignments of error together as they each concern the trial court's imposition of sentence.
 {¶ 15} Appellant was sentenced in the case at bar approximately four (4) months after the Ohio Supreme Court issued the Foster decision.
 {¶ 16} R.C. 2929.14(B), in effect prior to the decision inFoster stated:
 {¶ 17} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section [setting forth the basic ranges], unless one or more of the following applies:
 {¶ 18} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term. *Page 5 
 {¶ 19} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 20} As the Supreme Court of Ohio noted in Foster: "[t]hus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will `demean the seriousness' of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term".Foster, 109 Ohio St.3d at 19, 2006-Ohio-856 at ¶ 19, 845 N.E.2d at 490. The remedy applied by the Court in Foster is to sever the offending provisions including R.C. 2929.14(B). The Court noted: "[a]ll references to mandatory judicial fact-finding properly may be eliminated in the four areas of concern. Without the mandatory judicial fact-finding, there is nothing to suggest a `presumptive term'". Foster,109 Ohio St.3d at 29, 2006-Ohio-856 at ¶ 96, 845 N.E.2d at 497. Accordingly, the Court in Foster did not simply sever the judicial fact-finding portion of R.C. 2929.14(B); rather the Court found that the presumption for the shortest prison term only existed if the trial courts were free to overcome the presumption based upon the offender's history or the particular facts of the case. The natural corollary to this finding is that the legislature never mandated a mandatory minimum sentence uponevery offender who had not previously served a prison term. State v.Paynter, 5th Dist. No. CT2006-0034, 2006-Ohio-5542
at ¶ 38.
 {¶ 21} The Court in Foster concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges *Page 6 
of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus.
 {¶ 22} In the case at bar, appellant plead to a felony of the fourth degree. The applicable sentencing range pursuant to R.C 2929.14(A)(4) is "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."
 {¶ 23} Although the appellant characterizes the trial judge's statements as "judicial fact-finding" his argument is essentially one of form over substance. The maximum sentence a judge may impose afterFoster is the "statutory maximum." In this case that is eighteen months. Appellant's sentence of eighteen months is within the range provided by statute.
 {¶ 24} The trial court was not required to find any additional fact in order to impose this sentence. The court could have imposed the maximum sentence without making any statement on the record. The fact that the trial judge explained his reasons for imposing the maximum sentence on the record cannot transform a sentence within the range provided bystatute into a constitutionally infirm sentence on the grounds that the statements constitute impermissible "judicial fact-finding."
 {¶ 25} Accordingly, appellant's first and second assignments of error are overruled.
 III. {¶ 26} In his third assignment of error appellant argues that the trial court abused its discretion by imposing the maximum sentence because the trial court failed to properly consider the purposes and principles of sentencing. We disagree. *Page 7 
 {¶ 27} At the outset we note, there is no constitutional right to an appellate review of a criminal sentence. Moffitt v. Ross (1974),417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444; McKane v. Durston (1894),152 U.S. 684, 687, 14 S. Ct. 913. 917; State v. Smith (1997),80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668; State v. Firouzmandi, 5th Dist No. 2006-CA-41, 2006-Ohio-5823. This proposition has been firmly established as noted by the Ohio Supreme Court: "[t]he United States Supreme Court in Estelle v. Dorrough (1975), 420 U.S. 534,536, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377, 380, held, `there is no federal constitutional right to state appellate review of state criminal convictions.' The Supreme Court has stated that `the right of appeal is not essential to due process, provided that due process has already been accorded in the tribunal of first instance.' State ex rel. Bryant v.Akron Metro. Park Dist. (1930), 281 U.S. 74, 80, 50 S.Ct. 228, 230.
 {¶ 28} An individual has no substantive right to a particular sentence within the range authorized by statute. Gardner v. Florida (1977),430 U.S. 349, 358, 97 S.Ct. 1197, 1204-1205. In other words "[t]he sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus. It is not the duration or severity of this sentence that renders it constitutionally invalid. . . ." Townsend v. Burke (1948), 334 U.S. 736,741, 68 S.Ct. 1252, 1255. However, "[t]he defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process. See Witherspoon v. Illinois,391 U.S. 510, 521-523, 88 S.Ct. 1770, 1776-1778, *Page 8 20 L.Ed.2d 776". Gardner v. Florida (1977), 430 U.S. 349, 358,97 S.Ct. 1197, 1204-1205.
 {¶ 29} Under Ohio law, judicial fact-finding is no longer required before a court imposes consecutive or maximum prison terms. SeeState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856;State v. Mathis, 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Instead, the trial court is vested with discretion to impose a prison term within the statutory range. See Mathis, at ¶ 36. In exercising its discretion, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." Id. at ¶ 37. Thus, post-Foster, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. State v.Rutter, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061;State v. Delong, 4th Dist. No. 05CA815, 2006-Ohio-2753
at ¶ 7-8. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions.
 {¶ 30} There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. State v.Polick (1995), 101 Ohio App.3d 428, 431; State v. Gant, Mahoning App. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing State v. Cyrus (1992),63 Ohio St.3d 164, 166; State v. Hughes, Wood App. No. WD-05-024, 2005-Ohio-6405, at ¶ 10 (trial court was not *Page 9 
required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), State v.Woods, 5th Dist. No. 05 CA 46, 2006-Ohio-1342 at ¶ 19 (". . . R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).
 {¶ 31} Where the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation. Where the record adequately justifies the sentence imposed, the court need not recite its reasons. State v.Middleton (Jan. 15, 1987), 8th Dist. No. 51545. In other words, an appellate court may review the record to determine whether the trial court failed to consider the appropriate sentencing factors.State v. Firouzmandi, 5th Dist No. 2006-CA-41,2006-Ohio-5823 at ¶ 52.
 {¶ 32} Accordingly, appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. Cincinnati v. Clardy (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342. An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. Woosley v. United States (1973), 478 F.2d 139, 147. The imposition by a trial judge of a sentence on a mechanical, predetermined or policy basis is subject to review. Woosley, supra at 143-145. Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's can reverse the sentence. Woosley, *Page 10 
supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of sentence in a particular case. State v. Firouzmandi, supra.
 {¶ 33} There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.
 {¶ 34} After accepting appellant's pleas of guilty, the trial court ordered a pre-sentence investigation report. The Court informed the appellant that it had reviewed the pre-sentence investigation report. Appellant conceded that he has a "somewhat lengthy [criminal] record." (Id. at 4). The court permitted appellant's trial counsel to make a lengthy argument for mitigation of appellant's sentence. (Id. at 4-5). The trial court further permitted appellant to address the court. (Id. at 7). The court also referred to the Victim Impact Statement. (Id. at 7-8). The record in the case at bar outlines appellant's previous criminal history dating back to the year 1987. (Id. at 8-9). The trial court specifically noted both on the record and in its sentencing entry that it had considered the purposes and principles of sentencing set out under Section 2929.11 of the Revised Code, as well as the seriousness and recidivism factors under R.C. 2929.12. (Id. at 8).
 {¶ 35} We find nothing in the record of appellant's case to suggest that his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment. We note that we do not know the specific contents of *Page 11 
the pre-sentence investigation report and the victim impact statement as appellant did not make them a part of the record. In State v.Untied (Mar. 5, 1998), Muskingum App. No. CT97-0018, we addressed the issue of failure to include the pre-sentence investigation report and stated: "[a]ppellate review contemplates that the entire record be presented. App.R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review. "Without the cited information and given the trial court (sic) findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or `contrary to law." Id. at 7. It is the duty of counsel to ensure that all documents and reports are made a part of the trial court record and are actually transmitted to this Court.
 {¶ 36} It appears to this Court that the trial court's statements at the sentencing hearing were guided by the overriding purposes of felony sentencing to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11. Based on the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated appellant's rights to due process under the Ohio and United States Constitutions in its sentencing appellant to the maximum sentence of incarceration.
 {¶ 37} Appellant's third assignment of error is overruled. *Page 12 
 {¶ 38} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
 Gwin, P.J., Hoffman, J., and Farmer, J., concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs to appellant. *Page 1