OPINION
{¶ 1} Defendant-appellant Eric A. Pridgen appeals from his sentencing on three felonies in the Stark County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to the appeal are as follows:
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 17, 2004, appellant was indicted by the Stark County Grand Jury on one count of Having Weapons While Under Disability, a felony of the third degree in violation of R.C. 2923.13(A)(3), one count of Receiving Stolen Property, a felony of the fourth degree in violation of R.C. 2913.51(A), and one count of Possession of Cocaine, a felony of the fourth degree in violation of R.C. 2925.11(A).
 {¶ 3} The matter proceeded to a jury trial on August 13, 2004. The jury returned guilty verdicts as to each count charged in the indictment. The trial court conducted a sentencing hearing on August 16, 2004, and sentenced appellant to an aggregate prison term of 78 months — five years on the weapons charge, 17 months for receiving stolen property (to run concurrent with the weapons charge sentence) and 18 months for the possession charge.
 {¶ 4} Appellant filed a Notice of Appeal on October 7, 2004, claiming ineffective assistance of counsel. This Court affirmed the judgment of the trial court on June 27, 2005. State v. Pridgen, Stark App. No. 2004CA00313, 2005-Ohio-3291.
 {¶ 5} Appellant filed a Notice of Appeal to the Ohio Supreme Court on August 15, 2005. The Ohio Supreme Court accepted the appeal solely on the issue of appellant's sentencing and stayed the proceedings until the Court rendered its decision in State v. Foster. Upon its decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-846, *Page 3 845 N.E.2d 470, the Ohio Supreme Court vacated appellant's sentence and remanded the case to the trial court for resentencing. State v.Foster, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174.
 {¶ 6} The trial court conducted a new sentencing hearing on May 22, 2006. The trial court stated on the record that:
 {¶ 7} "Now, I do want to note that there are prior convictions. In 1999, * * *, Mr. Pridgen was convicted of possession of cocaine — possession of crack cocaine. He was entered into the Chance Program. He was revoked from that in 1999.
 {¶ 8} "Then in the year 2000, there was a possession of drug charge, and then in the year 2000, Mr. Pridgen, as a result of those three charges, was sent to prison.
 {¶ 9} "He was then released from prison in 2002.
 {¶ 10} "He was then convicted of carrying concealed weapons, having weapons while under disability, received an eight-month prison term.
 {¶ 11} "And then in 2004, there was an aggravated possession of drugs and he was sentenced in that case, in May, to a six-month prison term.
 {¶ 12} "And while he was awaiting, or while that case was pending, he committed these offenses which were tried." (T., May 22, 2006 at 7).
 {¶ 13} The trial court further found that:
 {¶ 14} "In regard to the sentence for this case, the Court does look at Section 2929.14(B) of the Ohio Revised Code and since Mr. Pridgen has been to prison before, it is not necessary for the Court to impose the shortest prison term." (Id. at 8).
 {¶ 15} The trial court imposed the same sentence it previously imposed on August 16, 2004. Appellant was re-sentenced to a 78-month prison term. He was to *Page 4 
serve the five-year maximum prison term on the weapons charge which would run concurrently with the 17-month prison term for receiving stolen property. The trial court also sentenced appellant to serve the 18-month maximum prison term for the possession charge which would run consecutively to the five-year prison term.
 {¶ 16} The trial court finally noted for the record:
 {¶ 17} "* * * the sentence which the Court imposed is the same sentence which was done previously. All that I did, * * *, was comply with the Court of Appeals in regard to not setting forth the reasons for the sentence." (Id. at 10).
 {¶ 18} Appellant filed a timely notice of appeal and raises one assignment of error:
 ASSIGNMENT OF ERROR {¶ 19} "I. APPELLANT'S SENTENCE IS CONTRARY TO LAW AS DICTATED BYSTATE V. FOSTER."
 I. {¶ 20} In his sole assignment of error, appellant argues that the trial court applied R.C. 2929.14(C) and imposed the maximum sentences based upon judicial fact findings that are prohibited by Blakely v.Washington (2005), 542 U.S. 296, 124 S.Ct. 2531 and Foster, supra. We disagree.
 {¶ 21} Prior to Foster, R.C. 2929.14 established the ranges of prison terms for the five degrees of felony offenses. R.C. 2929.14(C) states that:
 {¶ 22} "The court imposing a sentence upon an offender for a felonymay impose the longest prison term authorized for the offense to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who *Page 5 pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat offenders in accordance with division (D)(2) of this section." (Emphasis added.)
 {¶ 23} In addition, R.C. 2929.14(B), also in effect prior to the decision in Foster, stated:
 {¶ 24} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section [setting forth the basic ranges], unless one or more of the following applies:
 {¶ 25} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 26} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 27} In Foster, the Ohio Supreme Court specifically ruled, "[b]ecause R.C. 2929.14(B) and (C) require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional." Id. at paragraph 1 of the syllabus. The Court in Foster determined that severance of these provisions from Ohio's sentencing statute was the appropriate remedy to cure the statute's constitutional defects and "concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph 7 of the syllabus. *Page 6 
 {¶ 28} This Court has recently reviewed the issue of impermissible judicial fact-finding post-Foster in a factually similar case ofState v. Goggans, 5th Dist. No. 2006-CA-07-0051,2007-Ohio-1433.
 {¶ 29} In that case, the appellant argued the trial court abused its discretion in imposing the maximum sentence because the sentence was imposed upon factual findings in violation of Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 30} The appellant in Goggans pleaded to a felony of the fourth degree. The trial court conducted a sentencing hearing and on the record, the trial court found that appellant had served a prison term and then it reviewed the appellant's past domestic violence history. The trial court then sentenced the appellant to 18 months in prison, the maximum period of incarceration for the charge. The applicable sentencing range pursuant to R.C. 2929.14(A)(4) is "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." The appellant characterized the trial court's statements as impermissible judicial fact-finding pursuant toFoster. Goggans at ¶ 3-9.
 {¶ 31} This Court found that, "[a]lthough the appellant characterizes the trial judge's statements as `judicial fact-finding' this argument is essentially one of form over substance. The maximum sentence a judge may impose after Foster is the `statutory maximum.' In this case that is 18 months. Appellant's sentence of 18 months is within the range provided by statute.
 {¶ 32} "The trial court was not required to find any additional fact in order to impose this sentence. The court could have imposed the maximum sentence without making any statement on the record. The fact that the trial judge explained his reasons *Page 7 
for imposing the maximum sentence on the record cannot transform a sentence within the range provided by statute into a constitutionally infirm sentence on the grounds that the statements constitute impermissible `judicial fact-finding'." Id. at ¶ 23-24.
 {¶ 33} The Court finds the same analysis is applicable to the present case. Appellant was found guilty of a felony of the third degree and two felonies of the fourth degree. The applicable sentencing range for a felony of the third degree under R.C. 2929.14(A)(3) is "one, two, three, four, or five years." The applicable sentencing range for a felony of the fourth degree under R.C. 2929.14(A)(4) is "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."
 {¶ 34} The trial court sentenced appellant to five years on the third-degree felony of Possessing Weapons While Under Disability, 17 months on the fourth-degree felony of Receiving Stolen Property and 18 months on the fourth-degree felony of Possession of Cocaine. The record does not reflect that the trial court made any judicial fact finding, it merely noted appellant's extensive criminal record and its discretion to impose a sentence above the statutory minimum sentence, as set forth in the holding of Foster and the general sentencing guidelines found in R.C. 2929.11 and 2929.12.
 {¶ 35} The first, R.C. 2929.11, states that the court "shall be guided by" the overriding purposes of the felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender".
 {¶ 36} The second general statute, R.C. 2929.12, grants the sentencing judge discretion "to determine the most effective way to comply with purposes and principles of sentencing." *Page 8 
 {¶ 37} Revised Code 2929.12(A) directs that in exercising sentencing discretion, the court is to consider, along with any other "relevant" factors, the seriousness factors and the recidivism factors as set forth in the nonexclusive list therein. With respect to recidivism factors, the court is required to consider whether the defendant is more or less likely to commit future crimes. This can be demonstrated by previous criminal convictions. Foster at ¶ 37, ¶ 40.
 {¶ 38} It is important to note there is no mandate for judicial fact-finding in the general guidance statutes. The trial court is merely to "consider" the statutory factors. Id. at ¶ 42.
 {¶ 39} In the case sub judice, the trial court considered, but did not reach any conclusions about appellant's criminal record. It also correctly noted its discretion to impose more than the minimum sentence.
 {¶ 40} We find the sentences imposed were within the ranges provided by statute.
 {¶ 41} Pursuant to Goggans, we do not find the statements made by the trial court transform the sentence into a constitutionally infirm sentence on the grounds that the statements constitute impermissible "judicial fact-finding." *Page 9 
 {¶ 42} Appellant's sole Assignment of Error is overruled.
 {¶ 43} The decision of the Stark County Court of Common Pleas is affirmed.
Delaney, J. Wise, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1