JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Dontez D. Goins ("appellant"), appeals the trial court's imposition of consecutive sentences upon him. For the reasons set forth below, we affirm.
 {¶ 2} The Cuyahoga County Grand Jury indicted appellant in four separate cases. On October 19, 2005, appellant was indicted in Case No. 471835 on two counts: count one alleged aggravated robbery in violation of R.C. 2911.01, with one *Page 3 
and three year firearm specifications; and count two alleged carrying a concealed weapon in violation of R.C. 2923.12.
 {¶ 3} On October 20, 2005, appellant was indicted in Case No. 471968 on three counts of robbery in violation of R.C. 2911.02, and one count of aggravated robbery in violation of R.C. 2911.01, each count carrying with it one and three year firearms specifications.
 {¶ 4} Less than a month later, on November 10, 2005, appellant was indicted in Case No. 473011 on three counts: count one alleged felonious assault in violation of R.C. 2903.11; count two alleged aggravated assault in violation of R.C. 2903.12; and count three alleged assault in violation of R.C. 2903.13.
 {¶ 5} Finally, on November 18, 2005, appellant was indicted on the following three counts in Case No. 473534: count one alleged drug possession in violation of R.C. 2925.11; count two alleged drug trafficking in violation of R.C. 2925.03, with a schoolyard specification; and count three alleged possession of criminal tools in violation of R.C. 2923.24. In each of the four cases, appellant pleaded not guilty to all counts.
 {¶ 6} Subsequently, appellant was released on bond. He, however, failed to appear for his hearings and a warrant was issued for his arrest. Later, he surrendered. Thereafter, the court released appellant on a larger bond. Once again, he failed to appear for a court mandated appearance. Another warrant was issued for his arrest and he later surrendered.
 {¶ 7} On November 8, 2006, after reaching an agreement with the state, *Page 4 
appellant pleaded guilty to the following charges: robbery in Case No. 471835, aggravated robbery with a one year firearm specification in Case No. 47968, attempted felonious assault in Case No. 473011, and possession of drugs in Case No. 473534. The state nolled the remaining charges.
 {¶ 8} After informing appellant of his constitutional rights, the charges against him and their possible sentences, the trial court accepted appellant's guilty pleas. Thereafter the court scheduled appellant's sentencing hearing for November 29, 2006.
 {¶ 9} At the sentencing hearing, the trial court heard lengthy arguments from both appellant and the state, noted its review of the pre-sentence report, allowed appellant to speak on his own behalf, and inquired into appellant's repeated failures to appear for court mandated appearances. Subsequently, the trial court sentenced appellant to the following: four years for the robbery conviction in Case No. 471835; to run consecutive to eight years for the aggravated robbery conviction in Case No. 471968, which included a one year firearm specification; to run consecutive to four years on the attempted felonious assault conviction in Case No. 473011; to run concurrent to eleven months to the drug possession conviction in Case No. 473534. In total, the trial court sentenced appellant to 16 years incarceration.
 {¶ 10} Appellant now appeals his sentence and submits one assignment of error for our review. Appellant's sole assignment of error states:
 {¶ 11} "The trial court erred in sentencing appellant to consecutive sentences as it is contrary to law." *Page 5 
 {¶ 12} Within this assignment of error, appellant maintains that the trial court failed to consider R.C. 2929.11 and R.C. 2929.12 when imposing consecutive sentences and that his conduct did not warrant the imposition of such a sentence. We find appellant's argument without merit.
 {¶ 13} Since the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, judicial fact-finding is no longer required before the court could impose a non-minimum, maximum or consecutive sentence. Id. at paragraphs one and three of syllabus. Accordingly, trial courts now possess "full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing [such sentences]." Id. at paragraph seven of the syllabus; see, also, State v. Mathis, 109 Ohio St.3d 54, 61-62, 2006-Ohio-855,846 N.E.2d 1, paragraph three of the syllabus. In exercising its discretion, "the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purpose of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." Mathis, supra at 62. We note that these statutes do not mandate judicial fact-finding. Foster, supra at 14. Rather, the sentencing court must merely "consider" the statutory factors. Id.
 {¶ 14} Therefore, post Foster, R.C. 2929.11 and R.C. 2929.12 remain operative and we review challenges made under these statutes under a de novo standard. Mathis, supra; State v. Tish, Cuyahoga App. No. 88247,2007-Ohio-1836. *Page 6 
In doing so, we note that"[t]here is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them." State v. Goggans, Delaware App. No. 2006-CA-07-0051,2007-Ohio-1433 (citations omitted). The court need not proffer its reasoning for the imposed sentence where the record sufficiently warrants such a sentence. Id., citing State v. Middleton (Jan. 15, 1987), Cuyahoga App. No. 51545. Accordingly, we will uphold a sentence on appeal unless it is clear and convincing the record does not support the sentence or it is contrary to law. Id.; R.C. 2953.08(G)(2).
 {¶ 15} A thorough review of the record before us does not clearly and convincingly establish that appellant's sentence is unsupported by the record or contrary to law. First, it is noteworthy that the four cases appellant pleaded guilty to involved crimes that occurred on different occasions, all of which were committed within a six month time span. Next, after reviewing appellant's pre-sentence investigation report, the court commented on appellant's extensive and continuous criminal conduct dating back to the year 2000. More specifically, the court stated, "He has a terrible prior history. He has been doing wrong since he was a kid." Additionally, the trial court noted appellant's failure to appear for court mandated appearances, thereby violating the terms of his bail. Finally, the state reminded the court that appellant's convictions were serious crimes involving guns and selling drugs near a school.
 {¶ 16} After reviewing the record, we find the trial court's imposition of *Page 7 
consecutive sentences to be guided by the overriding purposes of felony sentencing, to protect the public from future crime and to punish the offender. R.C. 2929.11. Based on the transcript of the sentencing hearing and the pre-sentence investigation report, we find appellant's sentence supported by the record and not contrary to the law.
 {¶ 17} Appellant argues in the alternative that we should permit him to withdraw his guilty plea. Appellant failed to make any such motion at the trial court level, and thus, is precluded from raising this contention for the first time on appeal. Republic Steel Corp. v.Cuyahoga Cty. Bd. of Revision (1963), 175 Ohio St. 179, 184-185,192 N.E.2d 47.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 FRANK D. CELEBREZZE, JR., A.J., and MARY J. BOYLE, J., CONCUR *Page 1