OPINION *Page 2 
{¶ 1} Defendant-appellant Robert J. Trent appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which convicted him of one count of rape by force in violation of R.C. 2907.02, ten counts of sexual battery in violation of R.C. 2907.03, and four counts of corrupting another with drugs in violation of R.C. 2925.02. The trial court sentenced appellant to an aggregate term in excess of thirty years. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED WHEN IT USED JUDICIAL FACT FINDING IN DETERMINING APPELLANT'S SENTENCE."
 {¶ 3} This court affirmed appellant's direct appeal in State v.Trent, Licking App. No. 05CA101, 2006-Ohio-3132. Thereafter, we permitted appellant to re-open his appeal to raise the present issue.
 {¶ 4} In the sentencing entry of September 30, 2005, the court stated it had considered the factors contained in R.C. 2929.12, and found a prison sentence is consistent with the purposes of R.C. 2929.11. The court found appellant is not amenable to any available community control sanction. The court found to impose the minimum sentence would demean the seriousness of the offenses and would not adequately protect the public nor punish the appellant.
 {¶ 5} The court also determined consecutive sentences are necessary to protect the public and punish the appellant. The court found the harm so great or unusual a single term does not adequately reflect the seriousness of the conduct. The court found the injury to the victim in the sexual abuse case was worsened by reason of the age of the victim. The court found appellant's relationship with the victims facilitated *Page 3 
the offenses. The court found appellant had served a prior prison term and had prior juvenile adjudications as a sexual offender, and had not responded favorably to sanctions previously imposed. The court found the offenses were related to a pattern of drug and alcohol abuse, and the appellant had failed to acknowledge the pattern and/or has refused treatment. The court found appellant had displayed no remorse. There were multiple victims. The court found the harm caused was over a prolonged period of time, and sex toys and objects were purchased and used to gratify the appellant at the expense of the victim.
 {¶ 6} Appellant argues the United States Supreme Court's decision inBlakely v. Washington (2004), 542 U.S. 296, 124 S. Ct. 2531, and the Ohio Supreme Court's determination in State v. Foster,109 Ohio St. 3d 1, 845 N.E. 2d 470 2006-Ohio-856 prohibit the court from making findings of fact to enhance his sentence.
 {¶ 7} Foster held under Ohio law, judicial fact finding is no longer required before a court imposes consecutive or maximum prison terms. A trial court has discretion to impose a prison term within the statutorily permitted range, State v. Mathis, 109 Ohio St. 3d 54,846 N.E. 2d 1, 2006-Ohio-855. The Mathis court held a trial court should consider R.C. 2929.11, which outlines the purposes of sentencing, and R.C. 2929.12, containing factors relating to the seriousness of the offense and recidivism of the offender, Id. at paragraph 37. The trial court here did so.
 {¶ 8} The trial court was not required to make any findings to justify the sentence, and could impose this sentence without making any statement whatsoever on the record. The fact the trial court did explain its reasons for imposing the sentence cannot not transform the sentence, which falls within the range provided by statute, into *Page 4 
a constitutionally infirm sentence on the grounds the statements include impermissible judicial fact findings, see, e.g., State v. Groggans, Delaware App. No. 2006-CA-07-0051, 2007-Ohio-1433, paragraph 24.
 {¶ 9} The assignment of error is overruled.
 {¶ 10} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
 Gwin, J., Hoffman, P.J., and Farmer, J., concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1