OPINION *Page 2 
{¶ 1} Appellant, Clifford Koch, appeals his felony sentence in the Knox County Court of Common Pleas. The relevant facts leading to the appeal are as follows:
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 4, 2006, the Knox County Grand Jury, indicted appellant on two counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, felonies of the fourth degree.
 {¶ 3} On May 26, 2006, the appellant pleaded guilty as charged. The trial court deferred sentencing pending a pre-sentence investigation.
 {¶ 4} On June 30, 2006, the trial court conducted a sentencing hearing. During the sentencing hearing the trial court stated as follows:
 {¶ 5} "The Court has further considered the recidivism factors in section 2929.12 and finds at the time of committing the offense the Defendant was under a sanction imposed. Further, pursuant to Sections2929.16, 17 or .18, the court finds that the Defendant has a history of criminal convictions. The Court finds that the defendant has not responded favorably to sanctions imposed for criminal convictions and the Court finds the Defendant shows no genuine remorse for the offense."
 {¶ 6} "For the reasons stated and after consideration of the factors in Revised Code Section 2929.12, the Court finds that a prison term is consistent with the purposes of Section 2929.11 and the Defendant is not amenable to an available community control sanction." (Transcript of Sentencing Hearing at page 5.)
 {¶ 7} The trial court then sentenced appellant to a seventeen (17) month term of imprisonment on each of the felony counts. The trial court further ordered the appellant *Page 3 
to serve the two sentences consecutively for an aggregate thirty-four (34) month sentence. The trial court also ordered appellant to a five (5) year term of post release control and classified him as a sexually oriented offender requiring a ten (10) year period of registration.
 {¶ 8} It is from this conviction and sentence that appellant now seeks to appeal setting forth the following assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED IN CONDUCTING JUDICIAL FACT FINDING TO ENHANCE APPELLANT'S SENTENCE IN CONTRAVENTION OF STATE V. FOSTER, 109 OHIO ST. 3d. 1."
 {¶ 10} In his assignment of error appellant argues that the trial court's use of judicial fact finding in the imposition of consecutive sentences is unconstitutional pursuant to, State v Foster,109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470 (decided February 27, 2006). We disagree.
 {¶ 11} In this case appellant was sentenced approximately four (4) months after the Supreme Court issued the Foster decision.
 {¶ 12} In Foster the Supreme Court eliminated all references in the sentencing statutes to mandatory judicial fact finding. Specifically, the Supreme Court stated, "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing, maximum, consecutive, or more than minimum sentences. State v. Foster at paragraph 100. The Court inFoster further concluded that the trial court now has the discretion to impose a minimum, maximum or consecutive prison term within the basic ranges of R.C. 2929.14(A) and pursuant to the purposes and *Page 4 
principles of sentencing. Foster, 109 Ohio St.3d at 12-13;2006-Ohio-856 at paragraph 36-37, 845 N.E.2d at 484-85; See also,State v. Goggans, Delaware App. No. 2006-CA-07-0051, 2007-Ohio-1433.
 {¶ 13} In the case at bar the appellant pleaded guilty to two counts of unlawful sexual conduct with a minor, in violation of Ohio Revised Code Section 2907.04, felonies of the fourth degree. Pursuant to R.C.2929.14(A)(4), the applicable sentencing range for a fourth degree felony is "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Appellant was sentenced to seventeen (17) months on each count to be served consecutively. This sentence was in the applicable sentencing range set forth in R.C. 2929.14(A)(4).
 {¶ 14} In State v. Goggans, a case by this Court on March 26, 2007, we reviewed a similar colloquy by the trial court during sentencing. Upon review, this Court essentially held that the argument espoused by appellant, that language used by the trial court, and characterized by the appellant as "judicial fact finding" is "essentially one of form over substance." This Court further held that the fact that the trial judge explained his reasons for imposing a particular sentence cannot transform a sentence within the range provided by statute, into a constitutionally infirm sentence. State v. Goggans, Supra, at paragraph 24.
 {¶ 15} Similarly, appellant's sentence in this case is not constitutionally infirmed simply because the trial judge chose to explain his reasons for imposing a permissible consecutive sentence. *Page 5 
 {¶ 16} Accordingly, appellant's assignment of error is hereby overruled.
 {¶ 17} The decision of the Knox County Court of Common Pleas is hereby affirmed.
 Edwards, J., Hoffman, P.J. and Delaney, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1