JOURNAL ENTRY AND OPINION
{¶ 1} After entering pleas of guilty to several charges in three underlying cases, defendant-appellant Vincente Acevedo appeals from the total sentence of eleven years which the trial court imposed for his convictions.
 {¶ 2} Acevedo presents one assignment of error, arguing his sentence was improper because the trial court offered nothing to indicate it had considered R.C. 2929.11(B).
 {¶ 3} Upon a review of the record, this court finds Acevedo's argument unpersuasive. Consequently, his assignment of error is overruled and his sentence is affirmed.
 {¶ 4} Acevedo was indicted in each of cases CR-483348, CR-489510, and CR-494504 on numerous counts. As it pertains to this appeal, he entered into a plea agreement with the state, so that in exchange for the dismissal of the remaining counts, he agreed to enter pleas as follows.
 {¶ 5} In CR-483348, guilty to trafficking in heroin in an amount between fifty and one hundred unit doses, and possession of criminal tools, to wit: money and a motorcycle. In CR-489510, guilty to one count of possession of heroin in an amount between fifty and two hundred and fifty grams, and having a weapon while under disability. In CR-494504, guilty to trafficking in heroin in an amount between ten and fifty grams, with a one-year firearm specification, and possession of heroin in an amount between fifty and one hundred unit doses. *Page 3 
 {¶ 6} The record reflects the trial court held a careful and thorough colloquy with Acevedo before accepting his pleas.[1] Acevedo thus understood that, because he was entering guilty pleas to one first-degree felony, one second-degree felony with a firearm specification, three third-degree felonies, and one fifth-degree felony, the trial court had the discretion to impose a sentence of between four and thirty-five years.
 {¶ 7} When Acevedo's cases were called for sentencing, the trial court noted that it had reviewed the presentence report. The court asked Acevedo if he believed it was "appropriate," since he had a four-month old baby, for him to have had guns and heroin "available" in his home. The court additionally mentioned Acevedo's lengthy criminal record.
 {¶ 8} Ultimately, the trial court imposed sentences that amounted to a total of eleven years. Acevedo received terms of incarceration as follows: in CR-483348, concurrent sentences of two years and one year; in CR-489510, concurrent sentences of five years and two years, and in CR-494504, a one-year term for the firearm specification, to be served prior to and consecutive with concurrent terms of five years and two years, but the terms in the first two cases were concurrent with each other, while consecutive with CR-494504.
 {¶ 9} Acevedo appeals his sentence with the following assignment of error: *Page 4 
 "The trial court erred in not engaging in any analysis as to defendant-appellant's sentence so as to ensure consistency in sentencing."
 {¶ 10} In presenting this assignment of error, Acevedo argues that his sentence must be vacated for the trial court's failure to mention during the hearing that it had considered R.C. 2929.11(B). He contends that the trial court must provide some indication prior to imposing sentence that the sentence chosen is "consistent" with sentences imposed for similar crimes committed by similar offenders. This court does not agree for the following reasons.
 {¶ 11} First, this is an issue that Acevedo never raised during the proceeding, when the trial court was in a position to rectify any such "omission"; under these circumstances, his claim of error is waived for purposes of appeal. State v. Awan (1986), 22 Ohio St.3d 120.
 {¶ 12} Second, pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, and State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, trial courts retain "full discretion" to impose a prison sentence within the statutory range; courts no longer are required to make findings or give reasons for imposing consecutive or more-than-minimum sentences. As long as the sentence is supported in the record and complies with the law, it will be upheld on appeal. State v. Goins, Cuyahoga App. No. 89232, 2007-Ohio-6310, ¶ 14. *Page 5 
 {¶ 13} Finally, Acevedo's total sentence is consistent with sentences imposed for similar crimes on similar offenders. See, e.g., State v.Simmons, Cuyahoga App. No. 89573, 2008-Ohio-1100; cf., State v.Goins, supra.
 {¶ 14} Accordingly, Acevedo's assignment of error is overruled.
 {¶ 15} His sentences are affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] Indeed, this court commends the trial court for its colloquy, which serves as a model of compliance with the rule. *Page 1