DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas, wherein, appellant, Richard A. Heyman, pled no contest to and was found guilty of arson, a violation of R.C. 2909.03(A)(2), a felony of the fourth degree, and of insurance fraud, a violation of R.C. 2913.47(B)(1), a felony of the third degree. Appellant was sentenced to five years of community control for the violation of R.C. 2929.03(A)(2) and to one year in prison for the violation of R.C. 2913.47(B)(1).
 {¶ 2} Appellant's appointed appellate counsel submitted a request to withdraw as counsel pursuant to Anders v. California (1967), 386 U.S. 738. Counsel asserts that after thoroughly examining the record from the proceedings below and researching the applicable law, she can find no possible grounds for an appeal. However, counsel for appellant asserts, in compliance with the mandates of Anders, one "potential" assignment of error:
 {¶ 3} "The trial court erred to the prejudice of defendant/appellant by sentencing him to serve one (1) year for insurance fraud, a felony of the third degree and community control for five (5) years for arson, a felony of the third degree."
 {¶ 4} Anders and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. On his own behalf, appellant filed several pro se briefs, which this court struck for the failure to comply with the appellate rules. Accordingly, we shall proceed with an examination of the only arguable assignment of error set forth by counsel for appellant and of the entire record below in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} The facts of this case are derived from appellant's guilty plea hearing, his sentencing hearing, and the presentence investigation report that was filed in this case.
 {¶ 7} Appellant and his wife were the owners of a restaurant located in Fremont, Ohio. On February 4, 2001, at 10:22 p.m., a fire destroyed that restaurant. During the subsequent investigation conducted by the fire marshall, appellant told investigators that he might have left the restaurant without blowing out some candles that were sitting on the bar. However, it was later learned that the fire was started on the second floor storage room of the restaurant by someone who doused business records and matchbooks with paint thinner. The investigation further disclosed the fact that the tank for the automatic sprinkler system did not contain any water. Based upon the information that he and his investigators gathered, the fire marshall ruled that the fire was "incendiary," that is, it was caused by arson. The same conclusion was reached by appellant's insurance company.
 {¶ 8} Investigators also learned that appellant and his wife were deeply in debt, were unable to pay some of their employee's wages, were the subject of several suits based upon the nonpayment of taxes, and were in arrears on their accounts with their suppliers, including the company that installed and monitored the restaurant's fire/security system. In addition, appellant's insurance agent disclosed the fact that appellant had increased the amount of the insurance on the restaurant and recently requested another increase. Appellant filed a claim with the insurance company immediately after the fire. Appellant's sister-in-law told the investigators that appellant stated, on more than one occasion, that he "would like to burn the place down." Appellant was the last person to leave the building on the night of the fire.
 {¶ 9} When the first unit of firemen arrived at the restaurant, they saw a motor vehicle parked at the curb. They therefore entered the building to search for that person, but found no one. It took 13 firefighting agencies ten hours to control the fire at the restaurant and nine months to investigate the cause of the fire. Two firemen were "blown" down the stairs of the restaurant by the fire; one received minor burns. Various fire departments lost equipment, valued at a total of $17,000, as the result of the fire.
 {¶ 10} On December 7, 2001, appellant was indicted and charged with one count of aggravated arson in violation of R.C. 2909.02(A)(1), a felony of the first degree; one count of aggravated arson, a violation of R.C. 2909.02(A)(2), a felony of the second degree; one count of arson, a violation of R.C. 2909.03(A)(2), a felony of the fourth degree, and one count of insurance fraud, a violation of R.C. 2913.37(B)(1), a felony of the third degree. Appellant initially pled not guilty to all four counts of the indictment.
 {¶ 11} However, on May 25, 2004, appellant entered, pursuant to a plea agreement, a plea of no contest to the charges of arson and insurance fraud. After ascertaining that appellant's entry of the no contest plea was knowing, intelligent, and voluntary and hearing the state's recitation of the pertinent facts, the trial court accepted appellant's plea and found appellant guilty of both charges. The finding of guilty was journalized on May 26, 2004. On August 3, 2004, the case came before the trial court for sentencing. After taking statements from appellant's trial counsel, the state, a fire chief, and appellant, the trial court imposed the sentences challenged in appellant's potential assignment of error. This timely appeal followed.
 {¶ 12} When a sentence is appealed, an appellate court may not disturb it unless the court finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. We can neither substitute our judgment for that of the trial court nor defer to the trial court's discretion. State v. Altalla, 10th Dist. No. 03AP1-127, 2004-Ohio-4226, at ¶ 7. See, also, R.C. 2953.08(G)(2). The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statements. R.C. 2953.08(F)(1)-(3). See, also, State v. Boshko (2000),139 Ohio App.3d 827, 835.
 {¶ 13} Under Ohio's sentencing guidelines, no presumption exists either in favor of or against the imposition of a term of imprisonment for a third degree felony. State v. Donahue, 6th Dist. No. WD-03-083,2004-Ohio-7161, at ¶ 7; State v. McAdams, 162 Ohio App.3d 318,2005-Ohio-3895, at ¶ 7, citing State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239, at ¶ 12; State v. Little, 12th Dist. No. CA2002-06-138, 2003-Ohio-1612, at ¶ 6. "`Unless a mandatory prison term is required, a trial court has discretion to determine the most effective method to comply with the purposes of sentencing set forth in R.C. 2929.11.'" McAdams, at ¶ 8, quoting State v. Fails (Nov. 9, 2001), 11th Dist. No, 2000-P-0119. Thus, if the trial judge in the case sub judice complied with the sentencing guidelines, he did not abuse his discretion by imposing the minimum prison sentence, one year, for a third degree felony. R.C. 2929.14(A)(3).
 {¶ 14} In deciding whether to impose a prison sentence, the court must consider the purposes and principles of felony sentencing as set forth in R.C. 2929.11 and must comply with R.C. 2929.12. See R.C. 2929.13(C).
 {¶ 15} R.C. 2929.11(A) requires the sentencing judge to follow several principles. First, the court must be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others" and "to punish the offender." Id. In order to achieve these purposes a court is required to consider (1) the necessity for "incapacitating the offender;" (2) the deterrence factor; (3) rehabilitation of the offender; and (4) "making restitution to the victim of the offense, the public, or both." Id. Additionally, the sentence must be "reasonably calculated" to achieve the purposes of the sentencing statute by being "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim." R.C. 2929.11(B). The sentence must also be consistent with similar crimes committed by similar offenders. Id. Nonetheless, there is no statutory requirement that the sentencing court make express findings relative to R.C. 2929.11.State v. Weber, 6th Dist. No. F-04-002, 2004-Ohio5-401, at ¶ 16 (Citations omitted.); State v. Richards, 8th Dist. No. 83696, 2004-Ohio4-633, at ¶ 10.
 {¶ 16} Under R.C. 2929.12(A) and (B), a court, in determining whether to impose a prison term for a third degree felony, must consider all applicable factors that would indicate that the offense was "more serious than conduct normally constituting the offense," factors that would indicate that the offense was "less serious than the conduct normally constituting the offense," and factors that would indicate the offender's likelihood of recidivism. R.C. 2929.13(C); State v. McIver. 4th Dist. No. 04CA594, at ¶ 9; State v. Cook, 11th Dist. No. 2003-L-009, 2004-Ohio-793, at ¶ 14. "A trial court may also consider any other factor relevant in achieving the above-stated purposes of sentencing."Fails, supra. However, when considering the seriousness and recidivism factors of R.C. 2929.12(C) and (D), a trial court is not required to "make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors."State v. Arnett (2000), 88 Ohio St.3d 208, 215. See, also, State v.Patterson, 8th Dist. No. 84803, 2005-Ohio-2003, at ¶ 10.
 {¶ 17} In the case before us, the trial court, at the sentencing hearing, court set forth all the requirements of R.C. 2929.11 and 2929.12. The judge then expressly stated that he considered all of these "matters" in deciding to impose a one year sentence, rather than community control, for appellant's conviction on one count of insurance fraud. Clear and convincing evidence supports these findings. Therefore, the trial court did not abuse its discretion in sentencing appellant to one year in prison for his violation of R.C. 2913.47(B)(1).
 {¶ 18} In addition, we conclude that the trial court did not abuse its discretion in sentencing appellant to five years of community control (or in the sanctions imposed as part of that sentence) for his conviction on one count of arson. See R.C. 2929.15(A)(1); State v. Rhodes, 3d Dist. No. CA2003-12-332, 2004-Ohio-6659, at ¶ 30. Accordingly, appellant's potential assignment of error concerning alleged sentencing error lacks merit.
 {¶ 19} Furthermore, upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be wholly frivolous. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J. Concur.