DECISION AND JUDGMENT ENTRY
This matter is before the court on an application for reconsideration of our decision in State v. Heyman, 6th Dist. No. S-04-016, 2005-Ohio-5565. In Heyman, appointed counsel for appellant, Richard A. Heyman, submitted a request to withdraw as counsel pursuant to Anders v. California
(1967), 386 U.S. 738, and filed an appellate brief containing one "potential" assignment of error. Heyman, at ¶ 2. We found the potential assignment of error lacked merit, Id. at ¶ 18, and upon an independent review of the entire record found no other grounds for a meritorious appeal, Id. at ¶ 19. We therefore determined that the appeal was wholly frivolous and granted appointed counsel's motion to withdraw. Id.
In his timely application for reconsideration of Heyman, appellant asserts that this court overlooked the fact that the trial court ordered him to pay restitution in the amount of $17,000 without inquiring as to his ability to pay restitution or in ascertaining the basis for the amount of restitution. Appellant also contends that this court "failed to review the multiple incidents and evidences of false and perjured testimony and evidence in this case" by reviewing the witnesses' depositions who "deny what the fire marshall alleges." Appellant asks this court to the reverse the judgment in this cause and remand it to the trial court for an evidentiary hearing on the question of restitution.
In deciding appellant's application for reconsideration we must employ the standard set forth in Matthews v. Matthews (1981), 5 Ohio App.3d 140,143:
"The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App.R. 26, construed)" See, also, Columbus v. Hodge (1987) 37 Ohio App.3d 68.
Initially, we assure appellant that this court examined all evidentiary materials, including depositions, in the record of this cause. Therefore, that portion of his application for reconsideration related to this question is found not well-taken. Nevertheless, because we find that appellant raises an issue that was not considered, but should have been considered by this court, we find appellant's application as it relates to the sentencing order of restitution well-taken.
Generally, under Anders, we would appoint new appellate counsel for appellant to brief and argue the issue of restitution. However, the record of this cause fails to disclose any evidence showing that the trial court complied with R.C. 2929.18(A)(1) and 2929.19(B)(6). Thus, the order of restitution portion of appellant's sentence is clearly contrary to law; consequently, we may take immediate action. State v. McGhee, 4th Dist. No. 04CA15, 2005-Ohio-1585, at ¶ 73; State v. Meyer, 6th Dist. No. WM-03-008, 2004-Ohio-5229, at ¶ 75. See, also, State v. Shannon, 12th Dist. No. CA2003-02-005, 2004-Ohio-1866, at ¶ 4 (finding plain error in sentencing and taking immediate action to remedy the situation.).
R.C. 2829.18(A)(1) allows a trial court to order a defendant to pay restitution. Nonetheless, pursuant to R.C. 2929.19(B)(6), a court cannot impose a financial sanction set forth in R.C. 2929.18 without considering "the offender's present and future ability to pay the amount of the sanction or fine." See, also, State v. Lesure, 6th Dist. No. L-02-1157,2004-Ohio-3454, at ¶ 25. The record of this cause is devoid of any evidence of appellant's ability to pay restitution in the amount of $17,000.
Therefore, it is the order of this court that the portion of appellant's sentence ordering him to pay restitution is reversed, and this matter is remanded to the Sandusky County Court of Common Pleas for a determination of appellant's ability to pay restitution under R.C.2929.18(A)(1) and 2929.19(B)(6) and the amount to be paid, if any.Lesure, at ¶ 27. In addition, appellee, the state of Ohio, is ordered to pay the costs of appellant's appeal.
Pietrykowski, J., Parish, J., concur.