DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Richard M. Pitts, brings this appeal as of right from the judgment of the Lucas County Court of Common Pleas sentencing him to 11 months incarceration on a conviction for theft, a felony of the fifth degree. Restitution in the amount of $3,442 was also ordered. Appellant had, over a period of time, stolen scrap materials from his employer, Libbey Glass, and sold the materials to a recycling center.
 {¶ 2} Appellant asserts the following assignment of error:
 {¶ 3} "The trial court erred in determining as a sentencing factor that defendant participated in organized criminal activity and that he held a position of trust."
 {¶ 4} As a preliminary note, appellant does not take issue with the order of restitution. Appellant only argues that the trial court impermissibly found facts in imposing sentence according to R.C. 2929.12. That statute requires a trial judge to consider certain factors before sentencing:
 {¶ 5} "(A) Unless otherwise required by section 2929.13 or2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shallconsider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, inaddition, may consider any other factors that are relevant toachieving those purposes and principles of sentencing." R.C.2929.12(A) (emphasis added).
 {¶ 6} The trial court found that the following factors applied specifically to appellant:
 {¶ 7} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 {¶ 8} "* * *
 {¶ 9} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 10} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 11} "* * *
 {¶ 12} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 13} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 14} "(7) The offender committed the offense for hire or as a part of an organized criminal activity." R.C. 2929.12(B)(2), (3), (5), (6), (7).
 {¶ 15} A sentence will not be disturbed unless there is clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2)(b); State v. Stern (2000),137 Ohio App.3d 110, 114. Clear and convincing evidence must "`produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Bay (2001),145 Ohio App.3d 402, 405, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statement. R.C. 2953.08(F)(1)-(3). See, also, State v. Boshko
(2000), 139 Ohio App.3d 827, 835.
 {¶ 16} As this court has recently noted, trial courts are not required to pronounce particular magic words when considering and applying R.C. 2929.12, unlike the statements required when imposing mandatory or consecutive sentences. State v. Parsons,
6th Dist. No. WD-04-073, 2005-Ohio-5885, ¶ 24 "Our review [pursuant to R.C. 2929.12] goes to whether, within a broad range, the sentence accomplishes the statutory purposes, not whether a formulaic statement is made." Id. Trial courts must consider the statutory factors listed in R.C. 2929.12, but the sentence is not contrary to law for failure to articulate which particular factors upon which the court relied. This court recently considered the rule prior to S.B. 2 that compliance with R.C.2929.12 may be presumed by a silent record, State v. Adams
(1988), 37 Ohio St.3d 295, paragraph three of the syllabus, and the subsequent rule that there must be some indication in the record that the facts were considered. State v. Hughes, 6th Dist. No. WD-05-24, 2005-Ohio-6405, at ¶ 7, citing State v.Arnett, (2000), 88 Ohio St.3d 208, 215; State v. Heyman, 6th Dist. App. No. S-04-016, 2005-Ohio-5565; State v. Kerns, 4th Dist. App. No. 04CA2936, 2005-Ohio-2578, at ¶ 23.
 {¶ 17} Appellee argues that as long as the trial court has indicated that it considered the statutory factors and read the presentence investigation report, no specific findings are required. Appellant argues that because the trial court incorrectly found facts supporting a conclusion that the offense was more serious, we should "modify his sentence accordingly."
 {¶ 18} Having reviewed the sentencing hearing transcript as well as the trial court record, the trial court properly considered the factors of R.C. 2929.12. Although we find no factual basis in the record for the trial court's conclusion that this offense was part of organized criminal activity, the trial court clearly considered the statutory factors and found that other factors applied. Appellant was able to commit this offense due to his position of employment, and his employer suffered economic harm. Even if we were to agree with appellant that his employment with Libbey Glass was not a "position of trust," the trial court did consider the fact that Libbey Glass was the victim, and that appellant's relationship with it facilitated the offense. The trial court also specifically stated that the shortest prison term would demean the seriousness of the offense and will not adequately protect the public and therefore did not err in imposing a greater than minimum sentence, pursuant to R.C.2929.14(B)(2). Here, the possibility that the trial court improperly found but one factor among many does not render the sentence contrary to law and is not reversible error. Accordingly, appellant's assignment of error is found not well-taken.
 {¶ 19} The judgment of the Lucas County Court of Common Pleas sentencing appellant to 11 months incarceration is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Mark L. Pietrykowski, J. William J. Skow, J. Dennis M. Parish,J. concur.