OPINION
{¶ 1} Gary A. Byrd, Jr., appeals from his convictions in the Darke County Common Pleas Court of burglary, having a weapon while under disability, and grand theft pursuant to his no-contest pleas. The trial court imposed a two-year sentence upon Byrd for the burglary offense, a one-year term on the weapon while under disability offense, and a ten-month sentence on the theft offense. The court ordered the sentences imposed for the weapon offense and the theft offense to be served concurrently with each other but consecutive to the sentence imposed on the burglary offense for a total of three years.
 {¶ 2} The trial court imposed sentences greater than the minimum for the burglary offense and the theft offense after making certain judicial findings that the minimum sentences were inappropriate. The court also imposed the consecutive sentence after making certain judicial findings.
 {¶ 3} In his first and second assignments, Byrd contends the trial court erred in imposing the greater than minimum sentences and the consecutive sentence in violation of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-865, 845 N.E.2d 470. The State concedes the error alleged and also concedes that Byrd's direct appeal was pending at the time of theFoster opinion. The Appellant's first and second assignments of error are sustained.
 {¶ 4} In his third assignment of error, Byrd contends his trial counsel was constitutionally ineffective in "rushing" him to enter his plea. The State argues that this assignment should be overruled because Byrd has failed to portray his counsel's ineffectiveness in the appellate record.
 {¶ 5} Byrd was charged with the grand theft and the burglary charge on September 22, 2005, and the weapon charge on October 11, 2005. He entered his negotiated plea on January 9, 2006, after being charged with robbery on November 28, 2005. At the time of the plea, the trial court engaged in the following colloquy with Byrd:
 {¶ 6} "THE COURT: Any difficulties concentrating today?
 {¶ 7} "THE DEFENDANT: No, sir.
 {¶ 8} "THE COURT: Regarding Mr. Ross' services, do you need some time right now to ask him any questions?
 {¶ 9} "THE DEFENDANT: No, I don't. We've covered everything.
 {¶ 10} "THE COURT: Has he worked hard to prepare for and understand all these cases?
 {¶ 11} "THE DEFENDANT: I'm — I believe to the best of his abilities, yes, sir.
 {¶ 12} "THE COURT: Are you satisfied with his work on your behalf?
 {¶ 13} "THE DEFENDANT: Yes, sir." (T.R.p. 9 L.20-10 L.7)
 {¶ 14} There is nothing in this record that suggests that Byrd's counsel "rushed" him into entering his plea. The Appellant's third assignment of error is overruled.
 {¶ 15} In his fourth assignment he contends the prosecutor failed to promptly provide him discovery in violation of Crim.R. 16. He contends the prosecution did this to coerce him into entering his negotiated plea. The State argues that Byrd's claim is not supported by the record. The State notes that Byrd's counsel never filed a motion to compel the State to provide discovery nor sought any sanctions for any alleged discovery violation. The record does reflect that the assistant prosecuting attorney, Phillip D. Hoover, did file a certification with the court that the State of Ohio had fully complied with Byrd's written request for discovery. The record does reflect that the State failed to produce the criminal history of State's witnesses, Stary and Steve Clarkson, until four days before the scheduled trial date. The trial court did preclude the State from producing a forensic expert regarding fingerprint evidence because the State sought handwriting exemplars from Byrd at the last minute, and the court also precluded the State from producing a cell mate of Byrd who alleged that Byrd had made a jailhouse confession to him. The court found that the State had failed to notify Byrd of this witness in a timely manner.
 {¶ 16} We are satisfied that the trial court adequately addressed Byrd's concerns about late discovery production by the assistant prosecutor. The State did produce the criminal history of its potential witnesses in time for its use in cross-examination. The Appellant's fourth assignment of error is overruled.
 {¶ 17} The judgment of the trial court is Reversed and Remanded so that Byrd may be re-sentenced.
FAIN and GRADY, JJ., concur.