OPINION
{¶ 1} Defendant, Timothy W. Delawder, appeals from his conviction and sentence on one count of improperly discharging a firearm at or into a habitation in violation of R.C. 2923.16.1.
 {¶ 2} On December 27, 2005, the grand jury indicted *Page 2 
Delawder on one count of aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(2), one count of felonious assault, a felony of the second degree, in violation of R.C.2903.11(A)(2), and one count of improperly discharging a firearm at or into a habitation, a felony of the second degree, in violation of R.C. 2923.16.1.
 {¶ 3} On April 13, 2006, Delawder entered a plea of guilty to one count of improperly discharging a firearm at or into a habitation. The State dismissed the other two counts of the indictment. Following a sentencing hearing, the trial court, on May 5, 2006, sentenced Delawder to serve a prison term of eight years and ordered him to pay all costs of prosecution. The trial court also informed Delawder that post release control is mandatory in his case up to a maximum of three years.
 {¶ 4} Delawder timely appealed to this court from his conviction and sentence. His appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. We notified Delawder of his appellate counsel's representations and afforded him ample time to file a pro se brief. Delawder filed a brief that identified two assignments of error. This case is now *Page 3 
before us for our independent review of the record. Penson v. Ohio
(1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT IMPOSED SENTENCE ON DELAWDER AFTER MAKING FINDINGS NOT SUPPORTED BY FACTS HE PLED TO ON THE RECORD."
 {¶ 6} "THE TRIAL COURT ERRED PREJUDICIALLY BY IMPOSING A NON-MINIMUM SENTENCE ON APPELLANT IN CONTRAVENTION OF OHIO REVISED CODE _ 2929.14."
 {¶ 7} In his Anders brief, counsel for Delawder stated that he could not find any nonfrivolous issues for appeal. Counsel then identified one potential issue for review. According to counsel, the trial court imposed the maximum sentence of confinement for a second-degree felony based on findings that Delawder acted to control the victim through escalating acts of violence, that the minimum sentence would not protect the public, and that recidivism was likely. Citing Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, counsel argues that these judicial findings were not supported by any of the facts Delawder pled to, which violates State v. Foster,109 Ohio St.3d 1, 2006-Ohio-865. Similarly, in his supplemental brief to his counsel'sAnders brief, Delawder argues that the trial court's *Page 4 
findings at sentencing that were made outside of a jury's determination violated his Sixth Amendment guarantee of a trial by jury.
 {¶ 8} At the sentence hearing, the trial court reviewed Delawder's criminal record:
 {¶ 9} "In reviewing the Defendant's criminal record, charge of trespass in 1990, telephone harassment in `91, two separate cases of telephone harassment in `91, a concealed weapon conviction in `95, breaking and entering, two counts in `95 for which a prison term was ordered. `97 is the first offense involving drugs, possession of cocaine, `99 is a domestic violence conviction. And this, what it appears, was a domestic violence situation which has gone to the higher limits in an attempt to completely control the victim through threats of violence and acts of violence.
 {¶ 10} "It appears with Defendant's record and the escalating acts of violence involved in this incident that recidivism is most likely, that matters are simply getting worse, the violence is getting worse. Minimum sentence requested by the Defense would not adequately protect the public. It would certainly not adequately punish the offense.
 {¶ 11} "In looking at those factors that I placed on record, it does appear that the Defendant's most likely to *Page 5 
reoffend. The harm attempted, if not complete, a continuing threat by this and other individuals in this community in the Court's opinion does require a maximum sentence."
 {¶ 12} Transcript of April 28, 2006 Disposition Hearing, p. 6-7.
 {¶ 13} In State v. Foster, 2006-Ohio-865, the Supreme Court held that "[b]ecause R.C. 2929.14(B) and (C). . . require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional." Id. at paragraph one of the syllabus. The Court inFoster determined that severance of these requirements from Ohio's sentencing statute was the appropriate remedy to cure the statute's constitutional defects, and concluded that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 14} Delawder argues that the trial court's decision to make findings beyond those facts Delawder admitted at the plea hearing is a violation of Foster and Apprendi. We do not agree. Rather, we agree with the Fifth District, which *Page 6 
rejected similar arguments in State v. Goggans, Delaware App. No. 2006-CA-07-0051, 2007-Ohio-1433, _23-24:
 {¶ 15} "Although the appellant characterizes the trial judge's statements as `judicial fact-finding' his argument is essentially one of form over substance. The maximum sentence a judge may impose after Foster is the `statutory maximum.' In this case that is eighteen months. Appellant's sentence of eighteen months is within the range provided by statute.
 {¶ 16} "The trial court was not required to find any additional fact in order to impose this sentence. The court could have imposed the maximum sentence without making any statement on the record. The fact that the trial judge explained his reasons for imposing the maximum sentence on the record cannot transform a sentence within the rangeprovided by statute into a constitutionally infirm sentence on the grounds that the statements constitute impermissible `judicial fact-finding.'"
 {¶ 17} (Emphasis in original). See also State v. Pridgen, Stark App. No. 2006CA00187, 2007-Ohio-2483, _34, 38-41.
 {¶ 18} Further, we note that the overriding goals of Ohio's sentencing scheme remain intact. Those goals are to protect the public and to punish the offender. Foster, 2006-Ohio-865, at _86, 98. The trial courts are still required to examine *Page 7 
the defendant's conduct in light of several statutory factors before sentencing. In exercising its discretion, the sentencing court must still carefully consider the statutes that apply to every felony case, including R.C. 2929.11 and 2929.12, and the statutes that are specific to the case itself. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, _38.
 {¶ 19} The "findings" made by the trial court at the Disposition Hearing relate to the goals of Ohio's sentencing scheme and the factors set forth in R.C. 2929.11 and 2929.12. They are not an unconstitutional predicate for Defendant's maximum sentence prohibited byFoster.
 {¶ 20} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 21} "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 22} Delawder argues that he was denied his constitutional right to effective assistance of trial counsel when his trial counsel failed to raise the issues presented in Delawder's first assignment of error. Due to our finding that Delawder's first assignment of error is without merit, we cannot find that Delawder's trial counsel was ineffective for failing to raise the meritless issues. *Page 8 
 {¶ 23} The second assignment of error is overruled.
 {¶ 24} In addition to reviewing the possible issues raised by Delawder's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Delawder's appeal is without merit and we grant counsel's request to withdraw. The judgment of the trial court will be affirmed.
 BROGAN, J. and DONOVAN, J., concur. *Page 1