DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas, following a guilty plea, in which the trial court found appellant, Gregory Smith, guilty of one count of trafficking in crack cocaine, and sentenced him to serve 18 months in prison. On appeal, appellant sets forth the following as his sole assignment of error: *Page 2 
 {¶ 2} "Appellant's sentence imposed by the trial court is unconstitutional and that he is entitled to re-sentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Specifically, the trial court made factual determinations that were neither submitted to the jury nor admitted by Appellant."
 {¶ 3} The undisputed facts are as follows. On May 3, 2006, appellant was indicted by the Sandusky County Grand Jury on one count of trafficking in crack cocaine, in violation of R.C.2925.03(A)(1)(C)(4)(b), a fourth degree felony. On July 28, 2006, appellant entered a plea of guilty to the charge stated in the indictment. On October 3, 2006, a sentencing hearing was held, after which appellant was sentenced to serve a term of 18 months in prison. Appellant filed a timely notice of appeal.[1]
 {¶ 4} In his sole assignment of error, appellant asserts that this case should be remanded for resentencing because his 18-month sentence violates State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Specifically, appellant argues that the trial court based appellant's non-minimum sentence on factual determinations that were neither made by a jury nor admitted by appellant. We disagree, for the following reasons.
 {¶ 5} In Foster, the Ohio Supreme Court held that "[b]ecause R.C.2929.14(B) and (C) * * * require judicial fact-finding before imposition of a sentence greater than the *Page 3 
maximum term authorized by a jury verdict of admission of the defendant, they are unconstitutional."[2] Id., paragraph one of the syllabus. Accordingly, the Supreme Court determined that trial courts are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range.Foster, ¶ 100.
 {¶ 6} In addition, we note that, post-Foster, the overriding goals of Ohio's sentencing scheme, i.e., protecting the public and punishing the offender, remain intact. State v. Delawder, 2d Dist. No. 06CA0054,2007-Ohio-3157, ¶ 18, citing Foster, 2006-Ohio-865, at ¶ 98. Consequently, "trial courts are still required to examine the defendant's conduct in light of several statutory factors before sentencing." Id. That consideration is to include the purposes and principles of sentencing set forth in R.D. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12, as well as "[any other] statutes that are specific to the case itself."Delawder, supra, citing State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38.
 {¶ 7} Finally, pursuant to R.C. 2929.12, discretion is given to the trial court "to determine the most effective way to comply with the purposes and principles of sentencing." Foster, supra, ¶ 37. On appeal, the trial court's sentence will not be overturned absent a finding that it was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 4 
 {¶ 8} A review of the record shows that, before imposing appellant's 18-month sentence, the trial court cited appellant's lengthy criminal record and noted that, based on his work history, he had the capacity to earn a living without resorting to a life of crime. On appeal, appellant characterizes these comments as impermissible "judicial fact-finding." However, Ohio courts have held that such a characterization would amount to an elevation of "form over substance" since, post-Foster, the trial court has discretion to impose any sentence that falls within the applicable statutory range. State v. Delawder, supra; State v.Pridgen, 5th Dist. No. 2006CA00187, 2007-Ohio-2483. It is undisputed that appellant's 18-month sentence falls within the permissible range of six to 18 months, as set forth in R.C. 2929.14(A)(4).
 {¶ 9} This court has reviewed the entire record of proceedings in the trial court and, upon consideration thereof, finds that, before imposing sentence, the trial court's statements at the sentencing hearing regarding appellant's criminal history and lifestyle choices properly relate to the goals of Ohio's sentencing scheme and the statutory factors set forth in R.C. 2929.11 and 2929.12. The trial court did not, as appellant claims, engage in impermissible "judicial fact-finding" pursuant to Foster, supra. Accordingly, the trial court did not abuse its discretion in sentencing appellant to the maximum 18-month sentence for a fourth degree felony, and appellant's sole assignment of error is not well-taken.
 {¶ 10} The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for *Page 5 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] In addition to his plea in this case, appellant entered guilty pleas to criminal offenses charged in two other criminal cases (case Nos. 05-CR-1173, 05-CR-1313). As part of appellant's plea bargain, a fourth charge, in case No. 06-CR-254, was dismissed. At sentencing, appellant received a total prison sentence of four years. However, because only one notice of appeal was filed, we need not consider the sentences imposed in case Nos. 05-CR-1173 and 05-CR-1313 on appeal.
[2] In addition to R.C. 2929.14(B) and (C), pursuant toFoster, the following statutory sections are also unconstitutional: R.C.2929.14(D)(2)(b) and (3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C.2929.41(A). *Page 1