DECISION AND JUDGMENT ENTRY
{¶ 1} This is the second time that the instant case is before this court. In the first appeal, we found that the Ottawa County Court of Common Pleas engaged in impermissible judicial fact finding in sentencing appellant, Joseph M. Gallardo, to maximum, consecutive sentences. See State v. Gallardo, 6th Dist. OT-05-058, 2006-Ohio-4915 ¶ 10, following State v. Foster, 109 Ohio St. 3d 1. Appellant had entered guilty pleas, pursuant to North Carolina v. Alford (1970),400 U.S. 25, to one count of rape, a violation of R.C. 2907.02(A)(2) and a felony of the first degree, and one count of burglary, a violation of R.C. 2911.12(A)(1) and a felony of the second degree. Id. at ¶ 1. *Page 2 
We remanded this cause to the trial court for the sole purpose of re-sentencing appellant. Id. at ¶ 12.
 {¶ 2} On remand, the common pleas court held a sentencing hearing and subsequently entered a judgment sentencing appellant to eight years in prison for the violation of R.C. 2911.12(A)(1) and ten years in prison for the violation of R.C. 2907.02(A)(2), with said sentences to be served consecutively. Appellant filed a timely notice of appeal and was appointed counsel for the purposes of this appeal.
 {¶ 3} Appointed counsel subsequently submitted a request to withdraw as appellate counsel pursuant to Anders v. California (1967),386 U.S. 738. Counsel asserts that after a conscientious examination of the record below and researching the applicable law, she can find no possible grounds for an appeal. However, in compliance with the mandates of Anders and State v. Duncan (1978), 57 Ohio App.2d 93, counsel filed a brief identifying anything in the record that could arguably support the appeal. See Anders at 744. Counsel also furnished appellant with a copy of the brief and request to withdraw and allowed him sufficient time to put forth any matters that he desires. Id. Appellant did not raise any other matters. Counsel asserts the following potential assignment of error:
 {¶ 4} "The trial court failed to give proper consideration to the sentencing factors set forth in R.C. 2929.11, et seq. for the sentencing of defendant-appellant." *Page 3 
 {¶ 5} The paramount goals, protection of the public and punishing the offender[1], of Ohio's sentencing scheme remain intact after theFoster decision. State v. Smith, 6th Dist. No. S-06-042, 2007-Ohio-3564, ¶ 6
(Citation omitted.). Therefore, a trial court must still examine an offender's conduct in conjunction with a number of statutory factors before sentencing. Id. (Citation omitted.) The trial court's judgment on sentencing will not be overturned absent an abuse of discretion, that is, unless the court's attitude in reaching its decision is unreasonable, arbitrary or unconscionable. Id. at ¶ 7 (Citations omitted.).
 {¶ 6} In exercising its discretion to determine the most effective way of complying with R.C. 2929.11, a court must consider the factors set forth in R.C. 2929.12(B), (C), (D), and (E) in order to weigh the seriousness of an offender's conduct in committing the current offense(s) and to determine the likelihood that he will commit future crimes (recidivism). State v. Arnett, 88 Ohio St.3d 208, 213,2000-Ohio-302.
 {¶ 7} In the present case, the court considered the following "more serious" factors under R.C. 2929.12(B): (1) appellant's victims[2]
suffered serious psychological and physical harm (both were raped in their own homes during the middle of the night, and *Page 4 
appellant used physical force); and (2) appellant worked with one of the victims. The court then found that none of the "less serious" factors listed in R.C. 2929.12(C)[3] applied.
 {¶ 8} The judge then discussed the factors leading him to believe that appellant was likely to commit future crimes. These factors, as set forth in R.C. 2929.12(D), include: (1) appellant's extensive history of criminal convictions, including 11 years in prison for an aggravated burglary arising from the fact that appellant illegally entered a home and fondled a young woman while she slept; (2) appellant's history of juvenile adjudications; (3) appellant's history of alcohol abuse and his refusal of treatment for the same; (4) the instant offenses occurred while appellant was on post release control; (5) appellant's lack of remorse; and (6) appellant has participated in three separate sexual offender programs, including an ongoing program at the time he committed the instant offenses, and has not been rehabilitated. The court held that none of the factors in R.C. *Page 5 2929.12(E)[4], which suggest that appellant would be less likely to commit future crimes, were present in this cause.
 {¶ 9} Upon a thorough review of the record and the relevant statutory law, we find that the trial did not abuse its discretion in re-sentencing appellant. Therefore, appellant's sole potential assignment of error lacks arguable merit. Moreover, upon further independent review of the record on sentencing, we conclude that there are no other grounds for a meritorious appeal. This appeal is, therefore, determined to be frivolous. Appellate counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 10} Judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for *Page 6 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., concur.
[1] In sentencing appellant, the court expressly stated that these goals could be met only by imposing a prison sentence.
[2] Appellant was originally charged with several offenses, including counts of rape and burglary, that involved two separate victims. However, he was allowed to enter his Alford plea to just one count of rape and burglary in order to avoid trial.
[3] R.C. 2929.12(C) provides:
"The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
"(2) In committing the offense, the offender acted under strong provocation.
"(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
"(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
[4] R.C. 2929.12(E) provides:
"The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
"(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
"(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
"(3) Prior to committing the offense, the offender had led a lawabiding life for a significant number of years.
"(4) The offense was committed under circumstances not likely to recur. "(5) The offender shows genuine remorse for the offense." *Page 1