OPINION
{¶ 1} Defendant, Jeremy C. Welch, appeals from his convictions andsentences on one count of tampering with evidence in violation of R.C.2921.12(A)(1), and one count of receiving stolen property in *Page 2 violation of R.C. 2913.51(A).
 {¶ 2} Welch was indicted by a grand jury on September 19, 2005 (CaseNumber 2005 CR 3621) on one count of receiving stolen property, a felonyof the fourth degree, in violation of R.C. 2913.51(A). The indictment was based on Welch's alleged receipt of a stolen automobile on August 25, 2005.
 {¶ 3} On December 6, 2005, in Case Number 2005 CR 5002, the grand jury indicted Welch on one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A), and one count of tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1). The indictment was based on Welch's alleged activities on November 29, 2005.
 {¶ 4} Welch initially pled not guilty to all three counts in the two indictments. On February 8, 2006, however, Welch withdrew his not guilty pleas and pled guilty to one count of receiving stolen property and one count of tampering with evidence. In exchange for these two guilty pleas, the State dismissed the one count of possession of cocaine. The trial court held a sentencing hearing on February 28, 2006. After stating that it had considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C.2929.12, the trial court sentenced Welch to six months in prison on the one count of receiving *Page 3 
stolen property and to two years in prison on the one count of tampering with evidence. The trial court ordered that the two sentences would run consecutively, for a total sentence of two and one-half years.
 {¶ 5} Welch timely appealed to this court from his conviction and sentence. His appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that she could not find any meritorious issue for appellate review. We notified Welch of his appellate counsel's representations and afforded him ample time to file a pro se brief. Welch filed a brief that identified two assignments of error. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346, 102 L.Ed.2d 300.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE THAT IS CONTRARY TO LAW AS SET FORTH IN THE OHIO REVISED CODE _ 2929.12(B), WHERE THE SERIOUSNESS OF CONDUCT FACTORS WERE NOT SUPPORTED BY THE RECORDS OF THE CRIMINAL CASE."
 {¶ 7} In her Anders brief, counsel for Welch stated that she could not find any nonfrivolous issues for appeal. Counsel then identified one potential issue for review. According to counsel, the trial court erred by running Welch's *Page 4 
two sentences consecutively rather than concurrently. Similarly, in his supplemental brief to his counsel's Anders brief, Welch argues that the trial court erred in running his two sentences consecutively. According to Welch and his counsel, the consecutive sentences are not consistent with R.C. 2929.11 and .12(B), because there was no evidence of physical or mental harm.
 {¶ 8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-865, the Supreme Court held that "[b]ecause R.C. 2929.14(B) and (C) . require judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional." Id. at paragraph one of the syllabus. The Court in Foster determined that severance of these provisions from Ohio's sentencing statute was the appropriate remedy to cure the statute's constitutional defects and concluded that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 9} Welch was sentenced after the Supreme Court issued its decision in Foster. Consequently, the trial court was not required to make findings or give its reasons for imposing *Page 5 
consecutive sentences on the two counts to which Welch pled guilty. Moreover, the trial court stated at the sentencing hearing that it had considered the purposes and principles of sentencing under R.C. 2929.11
and the seriousness and recidivism factors of R.C. 2929.12. Therefore, the trial court did not impose a sentence contrary to law.
 {¶ 10} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 { ¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A HARSHER SENTENCE ON APPELLANT BECAUSE HE REFUSED TO ACCEPT THE STATE'S PROPOSED PLEA AGREEMENT OF THE MONDAY PROGRAM IN EXCHANGE FOR HIS GUILTY PLEA AND DID NOT FULLY UNDERSTAND THE POSSIBLE SENTENCING PENALTIES HE FACED ONCE HE ENTER THE GUILTY PLEA."
{ ¶ 12} Welch argues that the trial court imposed a harsher sentence on him because he would not accept the original plea offer from the State. Welch also argues that the trial court imposed a harsher sentence on him because he did not fully understand the possible sentencing penalties he faced once he entered the guilty plea to the felony charges. We do not agree.
{ ¶ 13} Welch signed guilty plea entries in both of his criminal cases that identified the potential sentences that the trial court could impose on him. The sentences imposed by *Page 6 
the trial court were within the sentences identified in the entries signed by Welch. Further, we have reviewed the videotape of the February 8, 2006 plea hearing, which has been filed and made a part of the record at Welch's request. At the plea hearing, the trial court informed Welch of the potential sentences that could be entered against him as a result of his guilty plea. Welch stated on the record that he understood the potential sentences that could be entered against him and he voluntarily pled guilty. Therefore, Welch's guilty plea was entered after a knowing and voluntary waiver of his rights.
{ ¶ 14} Further, there is no evidence in the record before us that the trial court imposed a harsher sentence on Welch in retaliation for Welch's failure to accept the State's original plea offer. In fact, at the sentencing hearing the trial court seemed unaware of a previous plea offer, let alone the terms of such previous offer.
{ ¶ 15} The second assignment of error is overruled.
{ ¶ 16} In addition to reviewing the possible issues raised by Welch and his appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Welch's appeal is without merit and we grant counsel's request to withdraw. The judgment of the trial court will be affirmed. *Page 7 
WOLFF, P.J. And BROGAN, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1