DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which sentenced defendant-appellant, Darrell Reid, to 17 months in prison after he entered a plea of guilty pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, to one count of attempted domestic violence in violation of R.C. 2923.02 and 2919.25(A) and *Page 2 
(D)(4), a fourth degree felony. Appellant now challenges that sentence through the following assignment of error:
 {¶ 2} "The trial court erroneously imposed a sentence that exceeded the minimum term of imprisonment on the basis of findings made by the trial judge pursuant to a facially unconstitutional statutory sentencing scheme, and violative of Mr. Reid's right to a trial by jury."
 {¶ 3} Appellant asserts that in imposing upon him a non-minimum sentence, the trial court essentially made findings in violation of his constitutional rights as declared by the Supreme Court of Ohio inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 4} Appellant's sentencing hearing was held on February 1, 2007, approximately one year after the Supreme Court of Ohio decidedFoster, and even longer after the United States Supreme Court decidedBlakely v. Washington (2004), 542 U.S. 296, upon which Foster is based. At the sentencing hearing below, appellant did not object to the constitutionality of his sentence pursuant to Foster orBlakely. In State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, the Supreme Court of Ohio held that "a lack of an objection in the trial court forfeits the Blakely issue for purposes of appeal when the sentencing occurred after the announcement of Blakely." Id., ¶ 31. Where an appellant has forfeited his right to raise a Foster/ Blakely issue on appeal, an appellate court is confined to a plain error analysis.Payne, ¶ 23; State v. Baccus, 6th Dist. No. L-06-1310, 2007-Ohio-5991, ¶ 13.
PGPage 3
 {¶ 5} As we stated in Baccus, ¶ 14: "Post-Foster, it is axiomatic that `[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' Id. at paragraph seven of the syllabus. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions."
 {¶ 6} In the present case, the lower court stated at the sentencing hearing that in imposing sentence, it had considered the principles and purposes of sentencing that remained constitutional, as well as the documents provided by appellant and the presentence investigation report. The court also noted in its judgment entry that it had balanced the seriousness and recidivism factors under R.C. 2929.12. In particular, at the sentencing hearing, the court looked to appellant's lengthy criminal history, including his convictions on eight felonies and 42 misdemeanor offenses, in imposing sentence. Appellant, however, points to a statement made by the trial court at the sentencing hearing, that the victim suffered physical harm, as evidence that the court made "findings" identical to those under R.C. 2929.14(B) that are now prohibited.
 {¶ 7} We have thoroughly reviewed the transcript from the sentencing hearing below and are by no means convinced that the statement made by the trial court amounted to a "finding" now prohibited. Rather, consistent with its duty to consider the seriousness of an offender's conduct and to determine the likelihood that the offender will commit future crimes, the lower court examined the harm done to the victim and *Page 4 
appellant's history of criminal convictions, as it was permitted to do. See R.C. 2929.12(B), (C), (D) and (E). State v. Gallardo, 6th Dist. No. OT-06-043, 2007-Ohio-5471.
 {¶ 8} Appellant was convicted of a fourth degree felony, which carries a maximum sentence of 18 months imprisonment. R.C. 2929.14(A)(4). Given appellant's history of numerous felony and misdemeanor convictions, and given that a sentencing court is still permitted to consider the harm done to the victim and the offender's criminal record when balancing the seriousness and recidivism factors under R.C. 2929.12, we cannot say that the lower court committed plain error in sentencing appellant to 17 months incarceration, well within the statutory range. Appellant's sole assignment of error is not well-taken.
 {¶ 9} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 5 
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1